Dear Mr. McNutt:
You have requested a legal opinion from our office pertaining to the necessity of the Pilotage Fee Commission, created and provided for by R.S. 34:1121-1127, to comply with the Local Government Budget Act (R.S.39:1301-1315). You relate that a private auditing firm doing the governmental audit of the commission criticized the commission for not complying with the Local Government Budget Act but, when asked, could not really give you the precise legal authority on which the auditors relied supporting their criticism. You have told us that you do not believe that the Pilotage Fee Commission is a political subdivision and that, therefore, the Local Government Budget Act is not applicable to it.
We agree with your conclusions that the Pilotage Fee Commission is not a political subdivision and that, therefore, the Local Government Budget Act is not applicable to the commission. However, we also believe that there are certain governmental budgetary obligations with which the commission must, nevertheless, comply.
The Pilotage Fee Commission is not created by any parish, municipality, school district, or other district. It is created by the legislature to set rates and fees for pilotage service on various waterways of the state visited by ocean-going vessels. The legislature itself in R.S. 34:1125 recognized the Pilotage Fee Commission's comparability to the Public Service Commission, which sets rates and fees for electrical utilities and commercial transportation, although the Public Service Commission owes its origin to the Louisiana Constitution and the Pilotage Fee Commission owes its origin to legislative enactment. The Pilotage Fee Commission is given the power and duty to adopt rules and make determinations, after hearings, on specific rates and fees. Thus, the Pilotage Fee Commission must use the administrative procedures of rule-making and quasi-adjudications *Page 2 
in the same form and manner as spelled out in the Administrative Procedures Act (R.S. 39:1301-1315). Our conclusion is that the Pilotage Fee Commission is a state administrative agency and not a political subdivision at all.
The Local Government Budget Act applies only to political subdivisions, not to state administrative agencies. See, for example, R.S. 39:1302 and 1303. While R.S. 39:1302(1)(i) emphasizes the non-inclusion in the state's "Comprehensive Annual Financial Reports," even this provision requires that the entity must, nevertheless, be, first and foremost, a political subdivision. Being a state administrative agency and not a political subdivision, the Pilotage Fee Commission is not an entity to which the Local Government Budget Act applies.
However, because the Pilotage Fee Commission, in our opinion, is a state administrative agency, it must comply with the budgetary obligations of a state administrative agency. Such obligations would include those provided by R.S. 39:21 et seq., for example, especially R.S. 39:33. A review of these statutes reveals that state administrative agencies, as budget units, must obtain forms from the Commissioner of Administration and submit their budgets to him for inclusion in the overall state budget. Therefore, we strongly suggest that you look for guidance and instruction from the Commissioner of Administration on how to comply with these budgetary obligations.
If you still feel strongly that the Pilotage Fee Commission should not have to comply with these governmental budgetary obligations, we suggest that you take your case to the legislature during a fiscal or special session and seek to obtain, for the commission, an express statutory exemption from them.
We trust that this opinion has adequately answered your request, but if you have any further legal questions, please do not hesitate to ask them of us. With warmest regards, we remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By:___________________________
 THOMAS S. HALLIGAN
 Assistant Attorney General
 JDC/TSH/sfj
 cc: Angele Davis, Commissioner of Administration
 Steve J. Theriot, Legislative Auditor